## HASTINGS VS. WHITE ET AL.

A plea setting up a parol contract different, in terms and legal effect, from the written contract declared upon, is no defence to the suit. (*Roane vs, Green & Wilson;*) and though issue be taken to such plea; there is no issue in fact to try, and the declaration stands confessed.

### *Appeal from Randolph Circuit Court.*

Hon. L. L. MACK, Circuit Judge.

RATCLIFFE and ENGLISH, for the appellant.

The special plea was no defence to the action. It was bad in substance. The decision of this court, at the present term, in *Roane vs. Green & Wilson*, settles the point that the plea is bad.

The plea being bad in · substance, though the defendant took issue to it after his demurrer was overruled, he was entitled to judgment. *Dickerson vs. Morrison,* 1 *Eng. Rep.*, 264, *and cases cited. Hughes vs. Sloan,* 3 *Eng. Rep.*, 146.

Mr. Chief Justice WALKER delivered the opinion of the court.

The appellant brought his action of debt against the appellees in the Randolph circuit court, upon a promissory note for the sum of one hundred and fifty dollars, to which the defendant plead specially that the note was given upon a contract which was to have been paid in Confederate States paper money, worth at the time the note was executed, twelve cents, in legal tender United States notes, on the dollar. To this plea, the plaintiff demurred: the demurrer was overruled and withdrawn by the plaintiff, who, thereupon, took issue on the plea ; which issue was submitted to the court sitting as a jury. The note sued upon was given in evidence by the plaintiff, and the defendant offered proof in support of his plea, which, for all legal purposes in the investigation

of the case here, may be considered sufficient to sustain the plea. The court found for the plaintiff the sum of eighteen dollars and seventy-five cents debt, and two dollars and forty cents damages with costs.

The plaintiff moved for a new trial: 1st. Because the court found contrary to law and evidence. 2d. Because the court erred in declaring the law. The motion for a new trial was overruled, the plaintiff excepted, and by a bill of exceptions brought the evidence before us.

That the plea was fatally defective, there can be no doubt. It presents the same grounds for defence as that set up in the case of Roane vs. Green & Wilson, decided at the present term of this court: in which it was held, that no matter how formally plead, the matter pleaded could present no valid defence to the action. It merely set up a parol contract different, in terms and legal effect, from that declared upon, which, if proven to be true, would be no defence against that in suit.

Such being the case there was in fact no issue formed, denying or putting in issue the plaintiff's action, and no evidence properly before the court, but the note sued upon. Indeed, there was strictly no issue, nothing to try, and no evidence required to sustain the action. The plaintiff's declaration being unanswered by the plea, and this being the only plea interposed, the plaintiff's declaration stood confessed. The plea interposed was not merely defective in form. If such had been the case, under our statute of amendments, such defects might be considered as cured, and the finding and judgment upheld; but the grounds of defence being unavailable, even when formally plead, it was not subject to amendment; and under our repeated decisions it was error to have rendered judgment upon it. See *Dickinson vs. Morrison*, 1 *Eng.*, 264; *Hughes vs. Sloane*, 3 *Eng.*, 147.

Let the judgment be reversed and the cause remanded.